**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB# 224285
  E-Mail: Jeffrey.Ranen@lewisbrisbois.com
JACK E. JIMENEZ, SB# 251648
  E-Mail: Jack.Jimenez@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for BELMONT VILLAGE, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO HEREDIA VIVEROS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BELMONT VILLAGE, L.P., a Delaware Limited Partnership, and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No. 2:21-cv-6390<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) [DIVERSITY OF CITIZENSHIP]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant BELMONT VILLAGE, L.P., ("Defendant") by and through its counsel, hereby removes the above-entitled action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, based on diversity jurisdiction, and in furtherance of this removal asserts:

**JURISDICTION AND VENUE ARE PROPER**

1. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) and is one which may be removed by Defendant pursuant to

4820-1232-3316.1

1
NOTICE OF REMOVAL OF CIVIL ACTION

28 U.S.C. § 1441.  This is a civil action where Plaintiff appears more likely than not to claim an amount in controversy that exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because it embraces the state court where the removed action has been pending.

## STATUS OF THE PLEADINGS

3. On July 7, 2021, Plaintiff GUSTAVO HEREDIA VIVEROS ("Plaintiff"), by and through his attorney, filed a civil action in the Superior Court of the State of California for the County of Los Angeles, entitled GUSTAVO HEREDIA VIVEROS v. BELMONT VILLAGE, L.P., AND DOES 1 THROUGH 20, INCLUSIVE, Case No. 21STCV24945 ("Complaint")..

4. In the Complaint, Plaintiff asserts the following causes of action against Defendant: (1) Disability Discrimination In Violation Of The Fair Employment And Housing Act; (2) Failure To Provide Reasonable Accommodations In Violation Of The Fair Employment And Housing Act; (3) Failure To Engage In A Good Faith Interactive Process In Violation Of The Fair Employment And Housing Act; (4) Retaliation In Violation Of The Fair Employment And Housing Act;  (5) Failure To Prevent Discrimination And Retaliation In Violation Of The Fair Employment And Housing Act; and (6) Wrongful Termination In Violation Of Public Policy. (Declaration of Jack E. Jimenez ("Jimenez Decl.") ¶ 2; **Exhibit 1**.)

5. To Defendant's knowledge, no other defendant(s) have been either named or served in the instant action.  (Jimenez Decl., ¶ 8.)  Therefore, the consent requirement under 28 U.S.C. § 1446(b)(2) is not applicable.

6. On July 7, 2021, Plaintiff filed a Summons (on Complaint) with a Civil Case Cover Sheet.  (Jimenez Decl. ¶ 3; **Exhibit 2**.)

7. On July 7, 2021, the state court issued a Notice of Case Assignment. (Jimenez Decl. ¶ 4; **Exhibit 3**.)

8. On July 8, 2021, the state court issued a Notice of Case Management

1 Conference scheduled for September 29, 2021. (Jimenez Decl. ¶ 5; **Exhibit 4**.)

2   9.  On July 12, 2021, Plaintiff filed Proof of Service of the Summons and
3 Complaint in the state court (served July 9, 2021). (Jimenez Decl. ¶ 6; **Exhibit 5**.)

4   10.  On August 6, 2021, Defendant filed an Answer in the Superior Court of
5 California, County of Los Angeles. (Jimenez Decl. ¶ 7; **Exhibit 6**.)

6   11.  Pursuant to 28 U.S.C. § 1446(a), **Exhibits 1 to 6** constitute all process,
7 pleadings, and orders that have been filed in the state court action.

## THIS NOTICE OF REMOVAL IS TIMELY

9   12.  This Notice of Removal is filed within thirty days of service of the state
10 court action and is therefore timely under 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION EXISTS

12   13.  For diversity purposes, a limited partnership is a citizen of each state in
13 which each of its partners reside and a limited liability company is a citizen of all of
14 the states of which its owners/members are citizens. *Carden v. Arkoma Associates*,
15 494 U.S. 185, 195 (1990). In addition, a trust has the citizenship of its trustee or
16 trustees for diversity purposes. *Johnson v. Columbia Props. Anchorage, LP*, 437
17 F.3d 894, 899 (9th Cir. 2006).

18   14.  Defendant is, and at all times alleged in the Complaint has been, a
19 limited partnership created in Delaware and with all of its partners residing in
20 Delaware and Texas. (Declaration of Leslie White ("White Decl.") ¶ 4.)

21   15.  Defendant's partners are two Delaware limited liability companies:
22 99% limited partner Belmont Village Holding, LLC; and 1% general partner
23 Belmont Three, LLC. (White Decl. ¶ 5.)

24   16.  Belmont Three, LLC is a limited liability company created in Delaware
25 whose sole member is Belmont Three Corporation Holding, LLC. (White Decl. ¶ 6.)

26   17.  Belmont Three Corporation Holding, LLC is a limited liability
27 company created in Delaware whose sole member is Belmont Village Holding, LLC
28 (White Decl. ¶ 7.)

18. Belmont Village Holding, LLC is a limited liability company created in Delaware whose members are the Paul D. Chapman Family Trust, PGW LLC, Cathryn T. Chapman and Michael C. Durham. (White Decl. ¶ 8.)

19. The trustee of the Paul D. Chapman Family Trust is Cathryn T. Chapman. (White Decl. ¶ 9.)

20. Cathryn T. Chapman is a resident of Houston, Texas. Michael C. Durham is a resident of Houston, Texas. (White Decl. ¶ 10.)

21. PGW LLC's sole member is Patricia Will. Patricia Will is a resident of Houston, Texas. (White Decl. ¶ 11.)

22. Because all partners of Defendant reside in Delaware or Texas, Defendant is a citizen of the states of Delaware and Texas for diversity purposes. (White Decl. ¶ 12.)

23. During Plaintiff's employment with Defendant, his mailing address on file, including on his paychecks, is an address located in Wilmington, California. (Declaration of Matthew Barnes ("Barnes Decl.") ¶ 3.) Furthermore, Plaintiff alleges in his Complaint that at all times relevant to this action, he resided in Los Angeles County, California. (Complaint ¶ 1; **Exhibit 1**.) Plaintiff is therefore a citizen of the State of California. *See* 28 U.S.C. 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (recognizing that residence is *prima facie* evidence of domicile for purposes of determining citizenship); *Lew v. Moss*, 797 F.2d 747, 749-750 (9th Cir. 1986) (recognizing that a person's domicile is established by physical presence and an intent to remain indefinitely). As such, Plaintiff resides and is a citizen of California for purposes of this jurisdictional analysis.

24. Because Plaintiff and Defendant are neither citizens nor residents of the same state, complete diversity between the parties exists.

///

## DOE DEFENDANTS

25. For purposes of removal based on diversity of citizenship, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(b)(1); see *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). To Defendant's knowledge, no other defendant(s) have been either named or served in this action. (Jimenez Decl. ¶ 9.) Doe Defendants designated 1 to 20 are fictitious, are not parties to this action, have not been served, and, thus, are of no consequence for purposes of this removal. See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

26. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996).

27. While Defendant denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case well exceeds $75,000 exclusive of interest and costs. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376-377 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that a plaintiff's damage claim, including lost wages, medical expenses, and emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

28. Additionally, when calculating the amount in controversy for purposes of jurisdiction, district courts often include "not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal." *Celestino v. Renal Advantage Inc.*, 2007 U.S. Dist. LEXIS 33827, at *4 (N.D. Cal. Apr. 24, 2007); *Chavez v. JPMorgan Chase & Co.*,

888 F.3d 413, 414-415 (9th Cir. 2018) (concluding that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious").

29. Although Plaintiff does not quantify his damages, he alleges that he has suffered and continues to suffer loss of income, benefits, and medical expenses, emotional distress, and prays for judgment for such damages including attorneys' fees and punitive damages. (Complaint ¶¶ 23-26, 34-37, 45-48, 57-60, 69-72, 81-84, and Prayer for Relief; **Exhibit 1**.)

30. **Economic Damages**. In Plaintiff's Complaint, he alleges that as "a direct and proximate result of Defendant's conduct", he "has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity has been diminished." (Complaint ¶¶ 23, 34, 45, 57, 69, 81, and Prayer for Relief; **Exhibit 1**.) Accordingly, the Court can consider lost wages up until the date of a potential trial. "If a plaintiff claims at the time of removal that her termination caused her to lose future wages . . . then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). Though no trial date has been set, courts have often found that one year from the date of removal is a "conservative estimate of the trial date" in employment cases. See *Fisher v. HNTB Corp.*, 2018 U.S. Dist. LEXIS 205323, at *13 (C.D. Cal. Dec. 3, 2018); *Beltran v. Procare Pharm., LLC*, 2020 U.S. Dist. LEXIS 26098, at *7 (C.D. Cal. Feb. 14, 2020) (finding conservative one-year prospective trial date appropriate).

/ / /

31. During Plaintiff's employment with Defendant, his annual earnings have been $33,965.91 in 2017, $33,404.83 in 2018, $39,408.57 in 2019, and $20,340.25 from January 2020 through August 2020 (an average of approximately $2,889 per month - $127,119.56 / 44 months from January 2017 through August 2020). Plaintiff is still employed at Defendant, but has not performed any work for Defendant since August 29, 2020. At that time, Plaintiff earned $15.00 per hour. (Barnes Decl."), ¶ 4.) Defendant denies Plaintiff is entitled to recover any damages. However, assuming *arguendo* that Plaintiff was awarded back pay from September 2020 to August 2022 (one year from removal), his back pay award could be at least $66,447 ($2,889 per month x 23 months [September 2020 to August 2022]).

32. Plaintiff also seeks future economic damages, such awards in California can be significant, especially for longer term employees such as Plaintiff, an over 16-year employee of Defendant. For example, in *Robert L. Williams v. Los Angeles County Metropolitan Transportation Authority,* 2013 Jury Verdicts LEXIS 13873, the plaintiff, who worked for the defendant for over ten years, suffered a workplace injury and was placed on a leave of absence. The plaintiff claimed that he was ready to return to work in some capacity within his restrictions, and even inquired into other positions, but was informed by the employer that it did not have a position for him anymore. He filed a lawsuit alleging disability discrimination, failure to provide reasonable accommodations, and failure to engage in the interactive process. The jury awarded plaintiff $230,677 for future lost earnings capacity. (See Defendant's Request for Judicial Notice, **Exhibit 7**.)

33. Similarly, in *Virginia Hoover v. Dignity Health, et al.*, 2018 Jury Verdicts LEXIS 37236, the plaintiff, who worked for defendant for over 20 years, suffered a workplace injury. Plaintiff was then cleared to return to work with work restrictions. She claimed that she could still perform the essential functions of her job and that defendant accommodated similarly disabled individuals with lifting restrictions in her same department, but the defendant failed to accommodate her



and, instead, fired her because of her disability. She then filed a lawsuit alleging failure to engage in the interactive process, failure to provide reasonable accommodations, disability discrimination, failure to prevent discrimination, wrongful termination in violation of public policy, and breach-of-implied in fact contract. The jury awarded plaintiff $482,305 for future economic damages. (See Defendant's Request for Judicial Notice, **Exhibit 8**.)

34. While Plaintiff's future economic damages award could be significant as evidenced by the factually similar *Williams* and *Hoover* verdicts, Defendant conservatively estimates a front pay award of only two years, which totals at least an additional $69,336 ($2,889 per month x 24 months). However, Plaintiff's economic damages on its own exceeds the $75,000 amount in controversy requirement with just a nominal front pay award of three-months front pay of $8,667 ($2,889 x 3).

35. **<u>Emotional Distress Damages</u>**. In addition to lost wages and other economic damages, Plaintiff alleges that he suffers from "great mental pain and suffering" causing damages "in an amount in excess of this Court's minimal jurisdiction." (Complaint ¶¶ 24, 35, 46, 58, 70, 82, and Prayer for Relief; **Exhibit 1**.) In other words, Plaintiff's Complaint alleges, in effect, that he sustained at least $25,000 for emotional distress. See *Lamke v. Sunstate Equip. Co.*, 319 F.Supp.2d 1029, 1030-1031, 1033-1034 (N.D. Cal. 2004) (finding jurisdictional amount satisfied by adding $25,000 for emotional distress to the damages at issue because the plaintiff alleged emotional distress damages "in an amount in excess of the minimum jurisdiction" of the state court).

36. Even though Plaintiff's Complaint alleges that he sustained emotional distress damages of at least $25,000, emotional distress damages awarded in similar employment discrimination lawsuits are often times much higher and show that Plaintiff's damages for emotional distress alone could well exceed the jurisdictional minimum. For example, in *Harold Carter v. Federal Express Corporation,* 2019 Jury Verdicts LEXIS 8403, the plaintiff suffered a workplace injury. He went on a

leave and returned to work with restrictions for two months.  His doctor later medically cleared him to return to work.  He claims that he was supposed to have the same restrictions as before, but the defendant failed to accommodate him.  He filed a lawsuit alleging disability discrimination, failure to engage in the interactive process, failure to accommodate, and retaliation.  The jury awarded plaintiff $5 million in past and future emotional distress.  (See Defendant's Request for Judicial Notice, **Exhibit 9**.)

37.  Likewise, in *Anahit Shirvanyan v. Los Angeles Community College District*, 2018 Jury Verdicts LEXIS 36676, the plaintiff alleged that she requested accommodations on several occasions for her disability, but the defendant never engaged in the interactive process or accommodated her.  She also claimed that she submitted a doctor's note, which put her on medical leave from work for three months to deal with the pain in her right hand and arm.  When she attempted to return from her leave, she claims her employer let her contract expire without letting her know.  She then filed a lawsuit alleging disability discrimination, failure to engage in the interactive process, and failure to engage in the interactive process.  The jury awarded plaintiff $2.75 million in past and future noneconomic loss.  (See Defendant's Request for Judicial Notice, **Exhibit 10**.)

38.  Similarly, in *Raymond Adame v. Alcoa Fastening Systems, et al.*, 2015 Jury Verdicts LEXIS 7583, the plaintiff returned from a leave with work restrictions after suffering a workplace injury.  He claimed that he could have performed several different jobs that were open and available after his injury, but was told that no suitable positions were available and was terminated.  He then filed a lawsuit alleging disability discrimination, failure to engage in the interactive process, failure to engage in the interactive process, failure to prevent discrimination, and wrongful termination.  The jury awarded plaintiff $1.2 million in past and future mental suffering.  (See Defendant's Request for Judicial Notice, **Exhibit 11**.)  Accordingly, although Defendant denies that Plaintiff suffered emotional distress, if he were to

prevail and establish such injuries, his damages for emotional distress alone presents an amount in controversy in excess of the jurisdictional minimum.

39.  **Punitive Damages**.  Plaintiff also requests an unspecified amount of punitive damages. (Complaint ¶¶ 26, 37, 48, 60, 72, 84, and Prayer for Relief; **Exhibit 1**.)  In addition to compensatory damages, Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-946 (9th Cir. 2001); *Simmons* 209 F. Supp. 2d at 1033-34 (finding it proper to consider evidence from various jury verdicts to establish amount in controversy); see also *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (SD. Iowa 1994) ("Because the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].")

40.  As with emotional distress awards, California juries have returned verdicts with substantial punitive damage awards in employment lawsuits with similar facts as those here.  For example, in *John Quemada v. Cordoba Corporation*, 2019 Jury Verdicts LEXIS 87612, the plaintiff suffered a work-related injury and received permanent work restrictions.  Plaintiff claimed that he was told that no accommodations were available and that he was not going to be allowed back to work because of his disabilities.  He claimed that he attempted to call the director of human resources, but she never returned his messages.  He then filed a lawsuit alleging failure to engage in the interactive process, failure to accommodate, disability/age discrimination, failure to prevent discrimination, and wrongful termination in violation of public policy.  The jury awarded plaintiff $1.5 million in punitive damages. (See Defendant's Request for Judicial Notice, **Exhibit 12**.)

41.  Likewise, in *Wilma Ismen v. Beverly Hospital*, 2008 Jury Verdicts LEXIS 29753, the plaintiff suffered workplace injuries during her over 20-year employment.  Based on a doctor's report, defendant determined that plaintiff could

not perform her job given the restrictions identified in the report.  Plaintiff disagreed and asserted that she could perform her job duties.  She then filed a lawsuit alleging discrimination, retaliation, and failure to accommodate.  The jury awarded plaintiff $825,000 in punitive damages.  (See Defendant's Request for Judicial Notice, **Exhibit 13**.)  Accordingly, Plaintiff's request for punitive damages alone also presents an amount in controversy in excess of the jurisdictional minimum.

42.   **Attorneys' Fees**.  Finally, Plaintiff seeks attorney's fees and costs authorized by statute, including the California Government Code.  (Complaint Prayer for Relief; **Exhibit 1**.)  Under California Government Code § 12965(b), attorneys' fees for cases brought under California's Fair Employment and Housing Act are authorized.  *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (in determining the amount of controversy, attorneys' fees are included "if recoverable by statute or contract").; *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.")

43.   A conservative estimate of Plaintiff's counsel's hourly rate is at least $300 per hour.  (Jimenez Decl., ¶ 10.)  This estimate is in line with other employment cases in the Central District.  See *Reyes v. Staples Office Superstore, LLC*, 2019 U.S. Dist. LEXIS 150735, at *13-14 (C.D. Cal. Sept. 3, 2019) (estimating amount of attorneys' fees in controversy based on the plaintiff's attorney's admission of his hourly rate, together with the court's knowledge of customary rates, and that employment cases in the Central District tend to take between 100 and 300 hours to litigate through trial); *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. Mar. 3, 2015) (concluding that an estimated $30,000 [100 hours x $300 per hour] in attorneys' fees was an appropriate and conservative estimate in a disability discrimination case).

44. In prosecuting this employment lawsuit, even by a conservative estimate, Plaintiff's counsel will easily exceed the amount in controversy in attorney's fees alone as noted in the chart below.

| Activity | Estimated Number of Hours |
|---|---|
| Investigation and evaluation of Plaintiff's claims and drafting the Complaint | 40 hours |
| Propounding and responding to written discovery (Defendant anticipates serving document requests and interrogatories and that Plaintiff will serve document requests and interrogatories.) | 25 hours |
| Depositions: taking and defending depositions (Defendant anticipates it will take Plaintiff's deposition and at least one additional fact witness, Plaintiff's experts and medical providers; Plaintiff will likely also depose several witnesses.) | 45 hours |
| Preparing for and attending Court-Ordered ADR/Mediation | 25 hours |
| Opposition to Defendant's anticipated Motion for Summary Judgment | 30 hours (conservative) |
| Court appearances | 5 hours |
| Trial preparation (Drafting and opposing motions in limine, jury instructions, statement of case) | 60 hours (conservative) |
| Trial Estimate: 7 to 10 days | 56 hours (estimating only 8 hours per day and for only 7 days) |
| **Total Hours: 286** | **FEES TOTAL: $85,800** |

45. Additionally, Defendant conservatively estimates that Plaintiff's counsel has accrued at least $12,000 in fees investigating and evaluating Plaintiff's claims and drafting the Complaint (40 hours x $300 per hour) and will accrue at least $30,000 in attorney's fees through a private mediation (100 hours x $300 hour per hour). (Jimenez Decl., ¶ 10.)

46. In sum, although Defendant does not concede Plaintiff's claim have any merit, Plaintiff's Complaint makes certain that the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1).

## **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

47. Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Los Angeles, wherein the action is currently pending, as required by 28 U.S.C. § 1446(d).

48. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant respectfully requests that this action be removed from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: August 6, 2021　　　　　LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Jack E. Jimenez
　　Jeffrey S. Ranen
　　Jack E. Jimenez
　　Attorneys for BELMONT VILLAGE, L.P.

# FEDERAL COURT PROOF OF SERVICE
Viveros v. Belmont Village, L.P., et al.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On the service date below, I served the following document(s): NOTICE OF REMOVAL OF CIVIL ACTION

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| A. Jacob Nalbandyan, Esq.<br>Ryan Handley, Esq.<br>LEVIN & NALBANDYAN, LLP<br>811 Wilshire Blvd., Suite 800<br>Los Angeles CA 90017 | Attorneys for Plaintiff<br>GUSTAVO HEREDIA VIVEROS<br><br>T: (213) 232-4848  F: (213) 232-4849<br>jnalbandyan@LNtriallawyers.com;<br>rhadlev@LNtriallawyers.com |

The documents were served by the following means:

☐ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 6, 2021, at Los Angeles, California.

*Sidney Summers*
Sidney Summers

4820-1232-3316.1

14

NOTICE OF REMOVAL OF CIVIL ACTION